Steven HILL, Plaintiff,

v.

Pat DAVIDSON, Defendant.

Civ. A. No. 93–CV–6027.

United States District Court, E.D. Pennsylvania.

Feb. 22, 1994.

**238**

Steven Hill, pro se.

Randall J. Henzes, Office of Atty. Gen., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff has filed an unopposed motion for appointment of counsel in this civil rights action. For the reasons set forth below, the motion is denied.

■ While a plaintiff does not have a right to appointment of counsel in a civil action, the district judge has the discretion and power, under 28 U.S.C. § 1915(d), to appoint counsel for an indigent plaintiff when it is deemed appropriate after consideration of certain factors. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993). Usually, a showing of "special circumstances" is required. *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).

■ The first thing a district judge must consider is whether the plaintiff's claim has some merit in fact and law. If the claim is of "arguable merit," then other factors regarding the plaintiff's need for appointment of counsel shall be considered. *Tabron*, 6 F.3d at 155. These factors include: (1) plaintiff's ability to present his case, including education, literacy, work and litigation experience, and amount of confinement disabling plaintiff's access to information and resources; (2) difficulty of legal issues; (3) complexity of factual investigation and discovery required; and (4) the degree to which the case is likely to turn on credibility. *Id.* at 156. To be contrasted with the preceding considerations, is the reality that resources, both human and monetary, are scarce; thus, appointment should not take place unless absolutely necessary. *Id.* at 157.

■ In this case, Plaintiff asserts that he was denied employment in prison strictly because of his race. This allegation potentially gives rise to an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Baker v. McNeil Island Corrections Center*, 859 F.2d 124, 128–129 (9th Cir.1988); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir.1991). As Plaintiff's claim is of arguable merit, a further inquiry into the criteria listed above is warranted to determine his need for appointment of counsel.

First, Plaintiff appears to be literate and educated. He has demonstrated his ability to write through his filings with this Court and through the written grievances he filed within the prison system. Additionally, Plaintiff stated that he is pursuing a college education while in prison, a further indication of the literacy and competence essential to proceed *pro se.*

Second, the legal issues are not very complex or out of the ordinary and most factual discovery should be easily obtainable within the prison system. From the comprehensive factual background submitted by the Plaintiff, it appears that he is capable of acquiring and compiling the factual information in a logical organized fashion. Further, credibility will not be a large factor in the outcome of the case. While credibility always has some significance, it will not be determinative of whether or not racial discrimination took place.

Plaintiff has expressed concern about the amount of access he has to the law library due to his confinement in the Restrictive Housing Unit; however, he is not completely excluded from the use of its resources, but may use the library upon written request. Up to this point, Plaintiff has been able to conduct the requisite research to carry on his case and this Court has no reason to believe he will not be able to conduct further research when necessary. Moreover, Plaintiff may attempt to secure counsel through a *pro bono* organization if he feels his limited access to library resources is hurting his chances of success on the merits. *Collins v.*

*Lehigh County Dept. of Corrections,* No. 92–3772, 1994 WL 17092 at \*1, (E.D.Pa. Jan. 11, 1994). To date, Plaintiff has not displayed an attempt to secure *pro bono* counsel from an organization which provides such services.

Appropriately, given Plaintiff's apparent capability to proceed *pro se* and in consideration of the limited resources available for appointment of counsel in civil litigation, this Court finds that special circumstances in this case do not exist so as to require the appointment of counsel.