### Isidore CORWIN and Bonnie Corwin, Plaintiffs,

v.

### B'NAI B'RITH SENIOR CITIZEN HOUSING, INC., Southeastern Property Management, Inc. Lynne Rotan, an agent, servant or employee of B'Nai B'Rith Senior Citizen Housing, Inc., and Wilmington Lodge 470, B'Nai B'Rith Inc., Defendants.

### Civil Action No. 07–152–JJF.

United States District Court, D. Delaware.

June 13, 2007.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiffs Isidore Corwin and Bonnie Corwin ("Plaintiffs") filed this lawsuit alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3601–3631, and the Delaware Fair Housing Act, Del.Code Ann. tit. 6, §§ 4600–4619. Plaintiffs allege they were discriminated against on the basis of their national origin. Plaintiffs appear *pro se* and were granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I.6.)

For the reasons discussed below, the Court will dismiss, without prejudice, the Complaint and its Amendments for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will deny Plaintiffs' Motion To Appoint Counsel, and will deny as moot Defendants' B'Nai B'rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc., and Lynn Rotan's Motion To Dismiss. (D.I.3, 7.)

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint and Motion For Leave To Proceed *In Forma Pauperis* on March 15, 2007, and at the same time submitted USM–285 forms to effect service of Defendants. (D.I.2.) Because Plaintiffs are *pro se* and were granted *in forma pauperis* status, pursuant to 28 U.S.C. § 1915 the Court conducts a screening of the Complaint and its Amendments to determine if the matter should proceed to service. However, before the Complaint could be screened, Defendants B'Nai B'Rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc. and Lynn Rotan filed a Motion To Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted,[1] (D.I.7.) Plaintiffs filed a Re-

Isidore Corwin and Bonnie Corwin, Claymont, DE, Pro se Plaintiffs.

Daniel A. Griffith, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Defendants B'Nai B'Rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc. and Lynn Rotan.

---

1. Although certain Defendants have filed motions in this case, the file and docket sheet do not indicate that Defendants have been served.

sponse to the Motion. (D.I.9.) Regardless of the pending Motion To Dismiss, the Court follows its usual procedure and will screen the Complaint and its Amendments in accordance with 28 U.S.C. § 1915. (D.I.2, 10, 13.)

Plaintiffs are residents of a rental apartment at the B'Nai B'Rith House Apartments in Claymont, Delaware, and have been tenants there since September 24, 1992. (D.I.2, ¶¶ 1–2, 10, 32.) Following the September 11, 2001 terrorist attacks and after giving notice to the tenants, Defendant Lynn Rotan ("Rotan"), the property manager for the B'Nai B'Rith House Apartments, placed United States flags on each balcony of the facility where they remained around the clock, until October 17, 2004, when Rotan directed maintenance to remove the flags because they had become "wore [sic] and tattered." *Id.* at ¶¶ 34, 40. Plaintiffs allege that they, as well as other tenants, replaced the removed flags with ones of their own and hung the United States flag on certain national holidays. *Id.* at ¶¶ 43, 44. Management also displayed a United States flag at the facility. *Id.* at 45.

Plaintiffs allege that beginning July 27, 2006, they have been discriminated against on the basis of their national origin in the hanging of a United States flag on their rented balcony at their apartment. *Id.* at 10. Plaintiffs allege that on September 9, 2006, they requested permission from Rotan to hang a United States flag on their balcony. *Id.* at ¶¶ 13, 48. Plaintiffs allege that Rotan responded in writing to Plaintiffs and all tenants that "tenants cannot hang flags on their balconies, and for all tenants, including Plaintiffs, to promptly remove their flags from their balconies" for safety reasons. *Id.* at ¶¶ 14, 49.

Plaintiffs allege that in the face of "other tenants' protests" Rotan "promulgated new rules on September 18, 2006, ... to all tenants ... that tenants cannot hang flags, but may put a flag on a stick in a flower pot or may drape a flag on a chair on tenants' respective balconies." *Id.* at ¶ 15. Plaintiffs allege that while tenants are not allowed to hang flags on their balcony rails, they are permitted to hang patio umbrellas on poles strapped to their balconies. *Id.* at ¶¶ 18, 19. Plaintiffs allege that they sought, and were denied, permission to hang their United States flag on their balcony rail in observance of Veterans' Day 2006. *Id.* ¶ 21–22. Plaintiffs allege that on that day the tenants were permitted to hang other items on their respective balconies. *Id.* at ¶ 50. Plaintiffs wrote a second letter to Rotan regarding United States flags on tenants' private balconies, and were told that "we have a rule that you cannot attach anything to the balcony ... (the flag) cannot be attached or affixed to the balcony rail." *Id.* at ¶¶ 24, 25. Plaintiffs allege the flag policy is excessive and unfair. *Id.* at ¶ 80. Finally, Plaintiffs allege that a notice was published to all tenants threatening eviction for non-compliance with Defendants' policies. *Id.* at ¶ 81.

The Complaint also contains allegations of Rotan's conduct beginning in the early 1990's and up through 2006, none of which is related to displaying the United States flag. *Id.* at ¶¶ 56–76. Certain allegations also relate to a separate lawsuit filed by Plaintiffs, *Corwin v. B'nai B'rith Senior Citizen Hous., Inc.,* Civ. Action No. 04–1499–GMS (D.Del.), appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), 212 Fed.Appx. 119, 2007 WL 57168 (3d Cir. 2007).

Plaintiffs allege Defendants' actions constitute unlawful national original discrimination in violation of the Fair Housing Act, specifically 42 U.S.C, § 3604(a) and (b), and the Delaware Fair Housing Act, Del. Code Ann. tit. 6, § 4601. (D.I.2, ¶¶ 84, 93,

D.I.13, ¶ 97.) They allege that as citizens of the United States of America they are members of a protected class, and they were discriminated against because they were banned from hanging a United States flag on their balcony rail when other tenants were permitted to hang patio umbrellas and "other such hangings" on their balconies. *Id.* at ¶¶ 85, 86. Plaintiffs allege Defendants refused to accommodate their request and instead instructing tenants to place flags in a flower pot. *Id.* at ¶ 88. Finally, they allege a violation of the Fair Housing Act because the flag policy is void for vagueness, overly broad, unreasonably discriminates against similarly situated tenants, violates Plaintiffs' rights to free speech, and violates Plaintiffs' right to due process. Plaintiffs seek declaratory and injunctive relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

■ *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996) (citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and the claims "are of little or no

weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir.1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. ANALYSIS

### A. Fair Housing Act

Plaintiffs' main claims are brought under the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601–3631, particularly §§ 3604(a) and 3604(b). The FHA prohibits "both direct discrimination and practices with significant discriminatory effects" on the availability of housing. *See Southend Neighborhood Improvement Ass'n v. County of St. Clair,* 743 F.2d 1207, 1209 (7th Cir.1984). Section 3604(a) makes it unlawful to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin. Section 3604(b) of the FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). The FHA demands that tenants be able to secure an apartment on a nondiscriminatory basis, and also guarantees tenants the right to equal treatment once they have become residents of that housing. *Inland Media-*

*tion Bd. v. City Pomona,* 158 F.Supp.2d 1120, 1148 (C.D.Cal.2001).

■ A violation of the Fair Housing Act under § 3604(a) may be established by showing that the challenged actions were either (i) motivated* by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive. *Doe v. City of Butler,* 892 F.2d 315, 323 (3d Cir.1989); *Resident Advisory Bd. v. Rizzo,* 564 F.2d 126, 142 (3d Cir.1977). To establish a *prima facie* case predicated upon § 3604(b) Plaintiffs must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination. *See United States v. Balistrieri,* 981 F.2d 916, 929 (7th Cir.1992). After reviewing the Complaint and its Amendments, the Court finds that the allegations fail to state a claim under the FHA inasmuch as Plaintiffs are not members of a protected national origin classification, they seek recovery for conduct not covered under § 3406(a) and (b), and the Complaint and its Amendments fail to allege discriminatory effect.

**1. National Origin**

■ Plaintiffs allege they are members of a protected class set forth in the FHA, in that they are citizens of the United States of America. "National origin" usually refers to the "country where a person was born, or, more broadly, the country from which his or her ancestors came." *Storey v. Burns Int'l Sec.,* 390 F.3d 760, 762 n. 3 (3d Cir.2004) (quoting *Espinoza v. Farah Mfg. Co., Inc.,* 414 U.S. 86, 88, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973)). In some cases, courts have been willing to expand the concept of "national origin" to include claims from persons based upon the unique historical, political and/or social circumstances of a given region. *Id.* (citations omitted). The prohibition of discrimination based on "national origin" does not prohibit discrimination on the grounds of citizenship. *See Espinoza,* 414 U.S. at 89, 94 S.Ct. 334 (In Title VII claims, "Congress did not intend the term 'national origin' to embrace citizenship requirements.") Plaintiffs do not claim discrimination based upon their national origin which is determined by their ancestry, but rather, they claim discrimination based upon their status as citizens of the United States of America. The Complaint and its Amendments do not contain facts under which Plaintiffs establish discrimination based upon their national origin, and therefore, dismissal, on this basis alone, is appropriate.

**2. Sections 3604(a) and (b)**

Plaintiffs allege discrimination under § 3604(a) and (b). With regard to § 3604(a), there are no allegations that Defendants did not make unavailable or deny a dwelling to Plaintiffs within the meaning of the Fair Housing Act. Plaintiffs attempt to raise numerous theories under § 3604(a), including free speech, equal protection, and due process violations. Indeed, they appear to allege that 3604(a) reaches any and all practices affecting their housing. The text of the statute, however, does not extend so far.

As to § 3604(b), Plaintiffs' claim does not revolve around the terms, conditions, or privileges of rental of their dwelling. The language in this portion of § 3406(b) relates to the contract between the lessor and lessee, and addresses the situation where a lessor imposes extra conditions on a lease based upon a protected characteris-

tic of the lessee. *See Edwards v. Media Borough Council,* 430 F.Supp.2d 445, 452 (E.D.Pa.2006). Nor do the allegations of the Complaint and its Amendments fall under the "provision of services." Two circuits, the Fourth and Seventh, have held that "services or facilities" under § 3406(b) refer to "services generally provided by governmental units such as police and fire protection or garbage collection." *Id.* at 453 (citations omitted). Plaintiffs seek recovery for the alleged conduct by Defendants that is not covered under § 3406(a) or (b).

### 3. Discriminatory Effect

A Title VIII claim must rest upon a showing that the challenged action by a defendant had a discriminatory effect. *Resident Advisory Bd. v. Rizzo,* 564 F.2d 126, 148 (3d Cir.1977). "Discriminatory effect may be proved by showing either 'adverse impact to a particular minority group' or 'harm to the community generally by the perpetuation of segregation.'" *Koorn v. Lacey Twp.,* 78 Fed.Appx. 199, 206 (3d Cir.2003) (citations omitted). The Complaint and its Amendments are clear that as to the flag display issue, Plaintiffs were treated the same as all the tenants in their building. Plaintiffs make numerous references that all tenants were subjected to the same rules for display of flags. While Plaintiffs may not like the flag display rules, they are allowed to display the flag. More important, the Complaint and its Amendments fail to allege Plaintiffs suffered disparate treatment as a result of the alleged actions of Defendants.

Because the allegations indicate that Plaintiffs were treated similarly to all other tenants on the issue of displaying the American flag, the Court concludes that Plaintiffs cannot sustain their claims under the Fair Housing Act. Therefore, the Court will dismiss without prejudice the claims in Counts I and III of the Complaint and its Amendments brought under the Fair Housing Act, 42 U.S.C. §§ 3601–3631 for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Supplemental State Claims

Because Plaintiffs' federal claims will be dismissed, the Court declines to exercise jurisdiction over Plaintiffs' remaining supplemental state law claims raised under the Delaware Fair Housing Act. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 309 (3d Cir.2003).

### C. Motion To Appoint Counsel

█ Plaintiffs move for appointed counsel because they "cannot adequately represent themselves in this matter." (D.I.3.) The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte.*" *Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir.2002). It is within the Court's discretion to seek representation by counsel for Plaintiffs, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984); *accord Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

As discussed above, Plaintiffs' case lacks an arguable basis either in law or in fact, and the case will be dismissed. Therefore, the Court will deny Plaintiffs' Motion To Appoint Counsel. (D.I.3.)

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss, without prejudice, the Complaint and its Amendments for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will deny the Motion To Appoint Counsel, and the Court will deny as moot Defendants' Defendants' B'Nai B'rith Senior Citizen Housing, Inc., Southeastern Property Management, Inc., and Lynn Rotan's Motion To Dismiss. (D.I.3, 7.) An appropriate Order will be entered.

### *ORDER*

NOW THEREFORE, at Wilmington this 13 day of June, 2007, IT IS HEREBY ORDERED that:

1. The Complaint and its Amendments are *DISMISSED WITHOUT PREJU-DICE* failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir.2002); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir.1976).

2. The Motion To Appoint Counsel (D.I.3) is *DENIED.*

3. Defendants' Motion To Dismiss (D.I.8) is *DENIED* as *moot.*