

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# Guinn v. Rispoli

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Guinn v. Rispoli" (2009). 2009 Decisions. Paper 1497.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1497

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-129                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-4281

———————————

TYRONE GUINN,
                                             Appellant

v.

MARCELLO RISPOLI; LISE M. MERSON;
THOMAS CARROL; DAVID PHILLIPS;
MICHAEL MCCREANOR; VICTOR GONZALEZ

———————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 06-cv-00075)
District Judge:  Honorable Gregory M. Sleet

———————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 12, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: April 22, 2009)

———————————

OPINION

———————————

PER CURIAM

        Tyrone Guinn, an inmate at James T. Vaughn Correctional Center, appeals pro se

from an order by the District Court granting defendants' motion for summary judgment.

Appellees filed a motion for summary affirmance. For the reasons provided by the District Court, we will grant the motion and affirm.

On February 3, 2006, Guinn filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants had violated his Eighth Amendment rights when he was placed in isolation for disciplinary reasons. According to an incident report, on June 30, 2004, Guinn was standing alone in the Security Housing Unit (SHU) yard for recreation. As two officers walked by escorting another inmate, Guinn pulled out and threw a container of human waste on them. Officers escorted Guinn to an isolation unit where he remained for 14 days while he waited to receive a hearing for the disciplinary charges. In his complaint, Guinn alleged that defendants put him "in the hole," stripped him of his clothes, and left him in his undershorts without sheets and blankets for fourteen days. When he requested clothing or blankets, defendants said no. Guinn filed a grievance, which was returned to him with a note that his issue was "non-grievable." Guinn included the warden in his action, alleging that he is liable for his correctional officers' training and skill.

Defendants argued that the record is devoid of factual evidence that defendants acted with deliberate indifference in failing to provide Guinn with humane conditions of confinement. Defendants cited to the institutional logbook to corroborate that during his confinement, Guinn was provided with food and shelter, routine medical visits, access to shower, a time to exercise, and laundry services. To the extent that Guinn experienced any discomfort during this time, he never sought medical treatment. Defendants thus

alleged that Guinn had provided no evidence from which a fact finder could conclude that defendants were aware of a substantial risk to Guinn's health or safety and affirmatively disregarded that risk.

Defendants also argued that Guinn failed to demonstrate personal involvement with respect to the warden, that Guinn failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that defendants were entitled to qualified immunity. Guinn did not file a response to defendants' motion, but filed a motion for a temporary restraining order.

The District Court granted the motion for summary judgment on September 16, 2008. The court determined that the conditions of Guinn's confinement did not rise to the level of a constitutional violation. Although he alleged that he was not provided with sheets or blankets while in isolation, the court determined that Guinn did not provide evidence that he sustained a serious physical harm. The court also found that the lack of clothing was not an Eighth Amendment violation where only minimal injury was alleged and Guinn otherwise failed to establish that he was denied "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, the District Court held that Guinn failed to satisfy both the objective and subjective standards to show deliberate indifference. The District Court declined to address defendants' remaining grounds in support of their motion for summary judgment and denied as moot Guinn's motions for a temporary restraining order and to appoint counsel. Guinn appealed.

3

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291. Because Guinn is proceeding in forma pauperis in this appeal, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous. We may summarily affirm if Guinn's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

We exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Eighth Amendment protects prison inmates from cruel and unusual punishment. See, e.g., Farmer, 511 U.S. at 832. However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (segregated detention must not be foul, inhuman, or totally without penological justification). To show a violation of the Eighth Amendment, a prisoner must allege that (1) the deprivation be, objectively, sufficiently serious, and (2) the prison official possess a sufficiently culpable state of mind in acting deliberately indifferent to the inmate's safety. Farmer, 511 U.S. at 834.

Guinn has not provided any evidence that could raise a genuine issue of material fact regarding the condition of his confinement. The record shows that the prison

4

complied with constitutional standards at the most basic level, and Guinn does not provide any evidence from which a reasonable jury could conclude that his health and safety were at risk. See Hassine v. Jeffes, 846 F.2d 169, 174-75 (3d Cir. 1988); see also Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995) (constitutional analysis of strip cell conditions). Although defendants do not dispute that Guinn had the barest of clothing, Guinn does not provide any evidence to show that as a consequence of his limited clothing or the temperature of the strip cell, he suffered a serious physical harm.[1] Farmer, 511 U.S. at 834. Guinn lacks evidence to prove the first prong of an Eighth Amendment violation, and relying on his allegations alone are insufficient at the summary judgment stage. Id. Moreover, the record indicates that prison officials provided him with sufficient nutrition, shelter, and medical care. Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990). Therefore, the District Court properly granted the motion for summary judgment.

---

[1]Guinn stated at his deposition that temperatures were freezing, but he did not provide any evidence to specifically support this allegation. Anderson, 477 U.S. at 247. Defendants also provided incident reports indicating that Guinn previously flushed his clothing down the toilet. Although they did not explicitly argue that Guinn's conduct provided a legitimate penological basis for denying him clothing, the District Court appeared to rely on this justification in its constitutional analysis. See also Rhodes, 452 U.S. at 346 ("Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" (citations omitted)); Bell v. Wolfish, 441 U.S. 520, 546-47 (1979) (maintaining institutional security and preserving internal order are essential goals that may require limitation on the constitutional rights of prisoners); see also Young, 960 F.2d at 363-64.

We note that Guinn filed a document in support of this appeal on November 24, 2008, in which he states that he received defendants' Motion for Summary Judgment on January 23, 2007, but did not receive the supporting Memorandum of Points and Authorities. Guinn argues that the District Court should not have granted summary because he was not properly served. Our review of the certificates of service for defendants' Motion and Memorandum reflect identical name and address information. The Motion for Summary Judgment also references that it is supported by the Memorandum of Points and Authorities, which was filed simultaneously. Furthermore, the District Court Clerk sent Guinn a letter regarding the status of the case on July 3, 2008, and attached a print-out of the docket, which included entry of both the Motion for Summary Judgment and the Memorandum. Thus, Guinn had both notice and time to file a response.

Finally, given the district courts' broad discretion to determine whether appointment of counsel is warranted, we find the denial of Guinn's motions did not constitute an abuse of discretion. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). Guinn's filings reflect that he was able to present and litigate his case and did not show that without counsel, he would be prejudiced. Id.; Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The District Court also did not err in denying Guinn's motion for a temporary restraining order. Fed. R. Civ. P. 65.

As Guinn's appeal presents no substantial question, we grant Appellees' motion and summarily affirm the District Court judgment.  <u>See</u> 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.