Robert SMITH–BEY, Appellant,

v.

George PETSOCK, Superintendent, Thomas Seiverling, Complaint Officer, Robert Coward, Mail Department Official, Anthony Pace, Business Manager, Sergeant Markovich, Erskind Deramus, Deputy Commissioner, and Ronald J. Marks, Commissioner.

No. 83–5825.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 14, 1984.
Decided Aug. 23, 1984.

Robert Smith-Bey, pro se.

LeRoy S. Zimmerman, Atty. Gen., Allen C. Warshaw, Andrew S. Gordon, Sr. Deputy Attys. Gen., Sheila M. Ford, Deputy Atty. Gen., Harrisburg, Pa., for appellees.

Before GIBBONS, GARTH and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

Robert Smith-Bey, a prisoner in the State Correctional Institution at Pittsburgh, Pennsylvania, appeals from the district court's order of November 8, 1983 denying him court-appointed counsel.

Proceeding pro se, Smith-Bey filed a civil rights complaint in the district court against various officers and employees of the Pittsburgh prison and the Commissioner and Deputy Commissioner of the Pennsylvania Bureau of Corrections. The complaint charges that the defendants, on November 19, 1982, maliciously and in reckless disregard of Smith-Bey's rights failed to follow his instructions and send an envelope containing legal papers addressed to this court by certified mail, return receipt requested. On the same date, Smith-Bey charges, an amount attributable to the cost of such certified mail, $3.95, was deducted from his inmate account. He seeks a declaratory judgment that the defendants acts violated his constitutional right of access to the courts, compensatory and punitive damages and enjoinment of any retaliatory activity by defendants.

The district court granted Smith-Bey in forma pauperis status but denied his request for court-appointed counsel which he sought under 28 U.S.C. § 1915(d). Magistrate Mitchell, to whom the case had been referred, denied counsel, without prejudice to subsequent reconsideration, stating that counsel would not, in his view, materially further the litigation and stating also the policy of the court of limiting plaintiffs' request for attorneys to cases presenting a

colorable claim in which the plaintiff appears to lack the capacity to represent himself adequately. Judge Diamond affirmed Magistrate Mitchell's order denying counsel for the reasons given by the magistrate. This appeal followed.

Initially, appellees urge us to reconsider the question of our authority to entertain immediate appeals from orders denying indigents counsel, which question we decided affirmatively in *Ray v. Robinson*, 640 F.2d 474 (1981). We have done so with particular attention to the Supreme Court's most recent pronouncement on the appealability of pretrial orders, *Flanagan v. United States*, — U.S. —, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). However, it is helpful to begin our discussion with reference to the statutory basis of our jurisdiction and other relevant Supreme Court cases.

Our jurisdiction is confined, under 28 U.S.C. § 1291, to appeals from final decisions of the district courts which bring before us the propriety of those and all intermediate orders entered by the district court during the course of the proceeding terminating with the entry of the final decision. This restriction on our jurisdiction has as its purpose the avoidance of delaying, costly and sometimes unnecessary piecemeal appeals. *See Flanagan v. United States, supra*, — U.S. —, 104 S.Ct. at 1054; *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471, 98 S.Ct. 2454, 2459, 57 L.Ed.2d 351 (1978). However, we have jurisdiction also, under 28 U.S.C. § 1292, over appeals from certain interlocutory orders specified in section 1292, and in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court delineated the contours of a small class of other immediately appealable interlocutory orders. Such an order, as the one from which immediate appeal was permitted in *Cohen*, must finally determine an important claim of right separable from and collateral to the principal rights asserted in an action and be effectively unreviewable on appeal from the final judgment. *Cohen v.*

*Beneficial Industrial Loan Corp., supra*, 337 U.S. at 546, 69 S.Ct. at 1225. *See also Coopers & Lybrand v. Livesay, supra*, 437 U.S. at 468, 98 S.Ct. at 2457.

In *Cohen* and subsequent cases, the Supreme Court has emphasized the rarity of appealable interlocutory orders. *Flanagan v. United States, supra*, — U.S. at —, 104 S.Ct. at 1055; *Coopers & Lybrand v. Livesay, supra*, 437 U.S. at 468, 98 S.Ct. at 2457; *Firestone Tire & Rubber Co. v. Risjord, supra*, 449 U.S. at 374, 101 S.Ct. at 673; *Cohen v. Beneficial Industrial Loan Corp., supra*, 337 U.S. at 546, 69 S.Ct. at 1225. In *Coopers & Lybrand v. Livesay*, the Court held that an order of the district court denying a plaintiff continuing class action status was not appealable immediately since it was subject to revision in the district court, the decision required consideration of issues "enmeshed" in the plaintiff's cause of action and it was effectively reviewable after final judgment. It was argued in *Coopers & Lybrand* that many class actions serve the public interest and that denial of class certification might likely sound the "death knell" of the litigation in that an individual plaintiff might not have the resources or expectation of sufficient recovery to permit him to pursue it alone. The Court pointed out that many interlocutory orders have a similar adverse economic impact on a party but as to all of these orders generally, finality, not incentive to continue the litigation, is the factor determining appealability under section 1291. 437 U.S. at 470–471, 474, 98 S.Ct. at 2460.

In *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court considered the appealability of an order denying disqualification of plaintiffs' lead counsel. Noting that it did conclusively determine the question of whether counsel was permitted to continue his representation of plaintiffs and assuming that the issue was separate from the merits of the action, the Court, nevertheless, held the order denying disqualification was unappealable in that it was effectively reviewable on appeal from

a final judgment. An argument, somewhat similar to the "death knell" argument urged with respect to the order denying class action status in *Coopers & Lybrand v. Livesay, supra,* was raised, that denial of disqualification of plaintiffs' counsel, whose firm represented defendant's insurer, might "irreparably" harm the defendant by "indelibly" tainting the proceedings with the fruits of a breach of confidence. The Court responded,

> Our cases, however, require much more before a ruling may be considered "effectively unreviewable" absent immediate appeal.

> To be appealable as a final collateral order, the challenged order must constitute "a complete, formal and, in the trial court, final rejection," *Abney v. United States, supra,* 431 U.S. at 659, of a claimed right "where denial of immediate review would render impossible any review whatsoever." *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). Thus we have permitted appeals prior to criminal trials when a defendant has claimed that he is about to be subjected to forbidden double jeopardy, *Abney v. United States, supra,* or a violation of his constitutional right to bail, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951), because those situations, like the posting of security for costs involved in *Cohen,* "each involved an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978).

449 U.S. at 376–377, 101 S.Ct. at 674–75. The Court went on to indicate the manner in which an interlocutory order denying disqualification of counsel is reviewable on appeal from the final judgment:

> On the contrary, should the Court of Appeals conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial.

449 U.S. at 377, 101 S.Ct. at 675. However, the Court reserved the question of the appealability of orders granting disqualification motions. 449 U.S. at 372 n. 8, 101 S.Ct. at 672 n. 8.

In *Ray v. Robinson,* 640 F.2d 474 (1981), we distinguished *Firestone Tire & Rubber Co. v. Risjord* and decided that an order denying court-appointed counsel to an indigent plaintiff is immediately appealable. The order denying counsel in *Ray v. Robinson,* unlike the order denying counsel presently before us, clearly met the finality and separability requirements of the *Cohen* appealable collateral order test, for the district court denied counsel in *Ray* because it concluded, erroneously, that it did not have authority to appoint counsel in a civil rights case. We stated in *Ray* that "Had the district court exercised its discretion to deny counsel on the ground that plaintiff's claim on its face lacked merit, it might be more difficult to meet the separability requirement." 640 F.2d at 477. The case thus envisaged in *Ray* is squarely presented to us here. In denying counsel here the court did so on the ground that Smith-Bey did not need the assistance of counsel in presenting the non-complex issue in the case. In thus exercising its discretion the court had necessarily to consider the merits of his claim, the issues "enmeshed" in his cause of action, in order to determine whether he was likely to be prejudiced by the refusal of counsel. The second *Cohen* condition for interlocutory review was, therefore, not met here. That the second condition was not met was made even clearer by the Supreme Court in *Flanagan v. United States,* — U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), discussed more fully below, when it said (p. ——, 104 S.Ct. at 1057):

> The effect of the disqualification [of counsel] on the defense, and hence whether the asserted right [to counsel] has been violated, cannot be fairly assessed until the substance of the prosecution's and defendant's cases is known. In this respect the right claimed by petitioners is analogous to the speedy trial right. In *United States v. MacDonald,*

*supra,* 435 U.S. at 859, 860, 98 S.Ct. at 1552, the Court concluded that because impairment of the defense is an important factor in judging whether a speedy trial violation has occurred, a denial of a motion to dismiss on speedy trial grounds is not separable from the issues at trial. The same conclusion applies to a disqualification order if prejudice to the defense is a necessary element of petitioners' claim. In these circumstances, the second *Coopers & Lybrand* condition for immediate appealability as a collateral order is not satisfied: the disqualification order does not resolve an "issue completely separate from the merits of the action."

This is true, a fortiori, in this civil case in which the plaintiff under section 1915(d) does not have the right to appointed counsel but may only succeed on appeal if he can show that the absence of appointed counsel has so prejudiced him that its denial amounts to an abuse of discretion on the part of the trial judge.

This brings us to the third *Cohen* requirement, that the order, to be reviewable on interlocutory appeal, must be effectively unreviewable on appeal from the subsequent final judgment. We held in *Ray,* that an order denying counsel was effectively unreviewable because a decision on a party's need for counsel must be made before trial if it is to be of any practical value to him. 640 F.2d at 477. It is the present viability of this latter holding which we now consider in the light of the subsequent decision of the Supreme Court in *Flanagan v. United States,* — U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). In that case, the Court decided the question reserved in *Firestone Tire & Rubber Co. v. Risjord, supra,* of federal appellate jurisdiction to review the grant of a motion to disqualify an opposing party's counsel.

In *Flanagan v. United States* the government moved in the district court to have disqualified, for potential conflicts of interest, counsel who proposed to represent all four defendants in a criminal trial. The district court granted the government's motion over the defendants' objections and the defendants took an immediate appeal to this court. We held that we had jurisdiction over the appeal but the Supreme Court subsequently reversed us, holding that an order disqualifying counsel is not one of that small class of interlocutory orders which are immediately appealable.

Even before examining the exposition of the Supreme Court's decision in its opinion in *Flanagan* in order to assess its impact upon the present appeal, it is quite clear to us that an order disqualifying a party's choice of counsel is not easily distinguishable from an order denying counsel. The outcome of the proceedings in the district court may be significantly affected in much the same manner by both pretrial decisions regarding counsel. In any event, we view the *Flanagan* decision on the appealability of orders disqualifying counsel as more relevant to the disposition of the question of the appealability of orders denying counsel than was, for example, *Firestone Tire & Rubber Co. v. Risjord, supra,* which dealt with the appealability of orders refusing to disqualify counsel.

Moreover, while it is true, as we said in *Ray v. Robinson* with regard to denial of counsel, that a party's need for counsel must be decided prior to trial if it is to be of practical use to him, this same point can be made regarding disqualification of counsel. However, in *Flanagan v. United States,* the Court clearly indicated that the remedy of a new trial is available upon posttrial review of an erroneous order disqualifying counsel. The Court said (p. ——, 104 S.Ct. at 1057):

> Moreover, an appellate court's reversal of a disqualification order would not result in dismissal of the prosecution. The prosecution would continue, though only after long delay.

This could obviously only be by way of a new trial. We think it is clear that the remedy of a new trial is equally available, after trial and upon appeal from the final judgment, to redress erroneous denial of counsel. *See Appleby v. Meachum,* 696 F.2d 145, 146–147 (1st Cir.1983); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1066 (7th Cir.1981); *Cotner v. Mason,* 657 F.2d 1390, 1391–1392 (10th Cir.1981). In fact, the Supreme Court in its *Flanagan*

opinion linked together with respect to reviewability after final judgment an order disqualifying counsel and an order denying counsel to a defendant in a criminal case. The Court said:

> Similarly, post-conviction review [of a disqualification order] is concededly effective to the extent that petitioners' asserted right is like the Sixth Amendment rights violated when a trial court denies appointment of counsel altogether ...

— U.S. —, 104 S.Ct. at 1056. It is true that the defendant in a criminal case is entitled to the assistance of counsel under the Sixth Amendment whereas the appointment of counsel for an indigent plaintiff in a civil case under 28 U.S.C. § 1915(d) is discretionary with the court and is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case. But with respect to reviewability after final judgment the two cases are identical. We are compelled to conclude, therefore, that our holding in *Ray v. Robinson, supra,* that an order denying counsel may not have meaningful review on appeal from final judgment has been effectively overruled by the Supreme Court in *Flanagan v. United States, supra.*

Accordingly, we hold that the order here sought to be reviewed may be reviewed only on appeal from the final judgment to be entered in the case. Since that order does not meet conditions laid down in the *Cohen* case, it is not reviewable by interlocutory appeal. We accordingly lack jurisdiction of the appeal presently before us.

The appeal will be dismissed for lack of jurisdiction.

GIBBONS, Circuit Judge, dissenting:

In my view the issue of appealability is controlled by our decision in *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981), which was decided subsequent to *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).

The majority errs by concluding that *Flanagan v. United States,* — U.S. —, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), reversed *Ray v. Robinson.* The third *Coopers v. Lybrand* prong is satisfied because, unlike the circumstance in *Flanagan,* only a second trial will suffice to correct an erroneous denial of counsel for a *pro se* litigant; *Flanagan's* reference to adequate post-conviction relief clearly referred to post-conviction proceedings on the original record, not a second trial. The second *Coopers v. Lybrand* prong is satisfied because assignment of counsel requires only a tentative review of probability of success; this court has already held that such a tentative review satisfies the second prong of *Coopers v. Lybrand. Britton v. Howard Savings Bank,* 727 F.2d 315, 320–22 (3d Cir. 1984).

This panel is not free to disregard the binding Third Circuit precedent in *Ray v. Robinson.* Since the order is appealable, I would dispose of the appeal on the merits. On this record I would hold that the trial court did not abuse its discretion in denying the motion to appoint counsel. Thus I dissent from the judgment dismissing the appeal.