Barry C. MASTROMATTEO, Plaintiff,

v.

Officer Wayne SIMOCK, Defendant.

No. 93–CV–3355.

United States District Court,
E.D. Pennsylvania.

April 5, 1994.

Barry C. Mastromatteo, Bellefonte, PA, for plaintiff.

Blake C. Marles, Weaver, Mosebach, Piosa, Hixson & Marles, Allentown, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff, an inmate at Graterford Prison, has filed an unopposed motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d) on the ground that he is unable to pay for an attorney. According to the complaint, plaintiff was arrested and charged with forgery. During the arrest, defendant, a police officer, apparently searched plaintiff and found a hypodermic needle on him. He was then charged with possession of drug paraphernalia. Plaintiff alleges that defendant arrested him without reading him his "Miranda" warnings and without affording him his constitutionally guaranteed rights to a preliminary arraignment or to bail. Plaintiff further alleges that as a result of defendant's actions, plaintiff was unlawfully detained at the Lehigh County Prison for 34 days. Plaintiff appears to be bringing claims against defendant for false imprisonment, malicious prosecution, violation of due process under the Fourteenth Amendment and violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

■■ A party has no constitutionally guaranteed or statutory right to the appointment of counsel in a civil case, however, under 28 U.S.C. § 1915(d), a court has broad discretion to appoint counsel to represent an indigent defendant. *Tabron v. Grace*, 6 F.3d 147, 153 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1306, 127 L.Ed.2d 657 (1994). Courts first look to the plaintiff's claim to determine whether it is meritorious. *Id.* at 155. If the claim has some basis in law and fact, courts then look to the following factors to determine if appointment of counsel is warranted: 1) whether plaintiff has the ability to present his case based on his education, work experience, litigation experience and literacy; 2) whether plaintiff will be able to pursue the requisite factual legal investigation; 3) whether credibility determinations are an important aspect of plaintiff's claim; and 4) the complexity of the legal issues in the case. *Id.* at 156. Additionally, courts consider whether plaintiff can retain counsel on his own, *id.* at 157 n. 5, and the practical aspect of appointing counsel when there is a lack of funds to pay for appointed counsel, but yet a growing number of persons seeking appointment of counsel. *Id.* at 157. Courts usually only appoint counsel when there is a showing of special circumstances. *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3rd Cir. 1984).

■ In the present case, while we find plaintiff has stated a meritorious claim, the appointment of counsel is not warranted in this case because there is no showing by

plaintiff of special circumstances. As previously stated, plaintiff has brought claims against defendant for false imprisonment, violation of his constitutional rights, malicious prosecution and violation of the Civil Rights Act of 1871. While at this point it is premature to rule on the merits of plaintiff's claims, we find that under the facts as alleged in the complaint, plaintiff has stated meritorious claims.

However, application of the other factors demonstrate that appointment of counsel is not warranted in this case. First, plaintiff has indicated that he is literate and able to communicate to the Court through his pleadings and motions. Not only are plaintiff's motions and pleadings clear and coherent, but he has even managed to cite the appropriate statutes and cases in these documents.

Second, the legal issues involved in plaintiff's claims are not overly complex. Additionally, plaintiff has attached various exhibits to his original complaint, thus indicating that he has already had some success in his factual investigation. Further, many of the other factual determinations and credibility determinations that plaintiff will have to make in this case can be supported by documentary or other evidence within plaintiff's own knowledge.

Finally, there does not appear to have been any attempt by plaintiff to obtain the help of an attorney through any sort of legal aid organization. Understandably plaintiff is in prison, therefore, he may not be able to have access to such organizations. However, given the other factors discussed above, and in light of the fact that plaintiff appears to have the ability to litigate this case *pro se,* we do not find that special circumstances exist in this case in order to justify appointing counsel. As such, plaintiff's motion is denied.