

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# Jesus Diaz v. Thomas Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Jesus Diaz v. Thomas Carroll" (2009). *2009 Decisions.* Paper 1498.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1498

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-145                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3665
_____

JESUS DIAZ,
                    Appellant

v.

WARDEN THOMAS CARROLL;
CORRECTIONAL MEDICAL SERVICES INC.;
CPL MERSON; LEE ANN DUNN;
DEBORAH RODWELLER; CINDY ATALLIAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 06-cv-00550)
District Judge:  Honorable Sue. L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed:  April 22, 2009)
_____

OPINION
_____

PER CURIAM

Jesus Diaz, an inmate at James T. Vaughn Correctional Center, appeals pro se from orders by the District Court granting the defendants' motions to dismiss and for summary judgment. For substantially the same reasons provided by the District Court, we will affirm.

I.

On September 5, 2006, Diaz filed a complaint under 42 U.S.C. §1983, alleging a violation of his Eighth and Fourteenth Amendment rights because defendants had failed to provide adequate medical care for his eye condition, as well as related state law claims. He also alleged that the prison's grievance system was inadequate. According to Diaz, his medical condition began on August 29, 2003, when he first noticed a growth forming on his left eye. In support of his claims, Diaz attached several exhibits. He attached a sick call request with a response on September 3, 2003 stating that Diaz was referred to sick call. Diaz included a grievance he filed two years later on September 6, 2005, where he claimed that he had still not been seen by a doctor. This grievance included an informal resolution signed by Dunn, which notes that Diaz would begin receiving treatment. On December 5, 2005, Diaz submitted another sick call request stating that his eye continued to bother him and that he was trying not to lose his sight. On January 3, 2006, Diaz received a response which noted that he had a consultation written for the eye doctor on December 27, 2005. Diaz also attached a January 19, 2006 letter from his counselor, Atallian, who informed him that medical staff were aware of his problems and

that details for his proposed care were being worked out. Finally, Diaz included a grievance from April 13, 2006, in which he alleged that his previous grievances and sick calls had been ignored.

On December 14, 2006, the District Court issued an order dismissing Diaz's claims regarding the prison's grievance system as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The court also dismissed Diaz's state law medical malpractice claims for failure to include an affidavit of merit signed by an expert, as required by 18 Del. C. § 6853(a)(1).

Defendants Dunn and Rodweller moved the District Court to dismiss for failure to state a claim upon which relief could be granted in March 2007. The court treated this as a motion for summary judgment, and granted it after deciding that there was no legal basis to conclude that either Dunn or Rodweller were deliberately indifferent to Diaz's serious medical needs. Correctional Medical Services, Inc. ("CMS") also filed a motion to dismiss; however, the court found that Diaz had made sufficient allegations to deny CMS's motion to dismiss.[1]

---

[1]Both Dunn and Rodweller and CMS alleged that Diaz failed to properly exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a). Defendants argued for dismissal because Diaz did not "appeal" any grievances regarding his medical care. The District Court noted that Diaz had alleged he had filed multiple sick call slips and grievances and that it is unclear how one appeals from an absolute failure to respond. The court thus denied this portion of the motion to dismiss.

Defendants Carroll, Merson, and Atallian, collectively as "state defendants," and defendant CMS both filed motions for summary judgment in January and February 2008. Diaz filed a motion to amend his complaint to add three new defendants. The District Court granted defendants' motions for summary judgment and denied Diaz's motion to amend. With respect to the state defendants Carroll, Merson, and Atallian, the court concluded that Diaz cannot establish liability on the basis of respondeat superior because each lacked personal involvement.

With respect to CMS, the court concluded that Diaz failed to make a sufficient showing as to the necessary elements of his claim for deliberate indifference to a serious medical need. Specifically, the court noted that Diaz admitted to being seen by numerous nurses in 2004 and 2005 regarding his eye complaints. CMS also responded to Diaz's grievances and sick call slips, in particular in December 2005 when Diaz was sent to an eye doctor for a consultation. Although there was a three-month delay from the December 2005 sick call request, Diaz received medical treatment in early March 2006. When Diaz filed a grievance regarding his treatment in April 2006, he received a prompt response. Another grievance in May 2006 resulted in a treatment plan, even though Diaz did not agree with it. Finally, the court determined that an ophthalmologist, Dr. Markowitz, provided medical care in May and July 2006 and performed a surgical procedure on Diaz's eyes in October 2006. Diaz continued to receive follow-up care, but alleged that he was not satisfied with the treatment provided by Dr. Markowitz. The

4

District Court thus determined that Diaz failed to make a sufficient showing to hold CMS liable for deliberate indifference on a theory of respondeat superior. The court found that Diaz did not receive medical care during a three-month period at most, but concluded that this constituted negligence.

Accordingly, the District Court granted CMS's motion for summary judgment regarding Diaz's medical claims. The court also held that Diaz's motion to amend was untimely and that amendment would be futile. The District Court denied Diaz's subsequent motion to alter the judgment.

We have jurisdiction under 28 U.S.C. § 1291. Because Diaz is proceeding in forma pauperis in this appeal, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous. We may summarily affirm if Diaz's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

## II.

Dunn and Rodweller brought a motion to dismiss, but referred to matters outside the pleadings, and thus, the District Court treated their motion as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d). A district court must provide notice of its intention to convert a motion to dismiss and allow a plaintiff a "reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The failure to give adequate notice does not, however, require automatic reversal; it may be excused if the failure was a "harmless error." Rose v. Bartle, 871 F.2d 331, 342 (3d

Cir. 1989). We exercise plenary review and may affirm if, on the basis of the complaint filed, there was no set of facts which could be proven to establish defendants' liability. Id.

To show a violation under the Eighth Amendment, Diaz must allege "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Diaz must allege some basis for concluding that prison officials had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk. Id. at 837-838.

Assuming Diaz alleged a serious medical need, we agree with the District Court that he did not allege that Dunn or Rodweller were deliberately indifferent to his medical condition. Farmer, 511 U.S. at 837-838. As the District Court noted, Dunn and Rodweller responded promptly to Diaz's grievances and provided a referral for treatment. Dunn responded to his medical grievances and entered into an "informal resolution" with Diaz that set forth a medical treatment plan. Diaz also does not have a claim against Rodweller based on his April 2006 grievance because he was seen by a doctor the following month. Thus, Diaz's claims against Dunn and Rodweller were properly dismissed because he cannot state a claim upon which relief could be granted under the

6

Eighth Amendment. Accordingly, we conclude that failure to provide notice to Diaz was harmless error. Rose, 871 F.2d at 324.

III.

We exercise plenary review over the district court's order granting the motion for summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment was properly entered in favor of defendants because Diaz failed to provide any evidence to demonstrate that there was a genuine issue of material fact. Diaz did not provide any evidence regarding the seriousness of his eye condition, such as any medical records or evidence indicating his loss of sight. Moreover, even if he had, Diaz failed to set forth any evidence indicating that defendants were deliberately indifferent to this medical need. With respect to defendant Carroll, Diaz has not shown that Carroll had actual knowledge that prison doctors were mistreating him. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Similarly, Merson cannot be held liable because Diaz has not provided any

7

evidence demonstrating deliberate indifference beyond the unsupported assertions contained in his complaint. See Connors v. Fawn Mining Corp., 30 F.3d. 483, 489 (3d Cir. 1994). As for Atallian, Diaz conceded in his deposition that she did not violate his constitutional rights. Thus, the District Court properly granted summary judgment with respect to these defendants.

Diaz also failed to show that CMS was deliberately indifferent. In his opposition to summary judgment, Diaz relied on an examination that took place on March 28, 2008, where the doctor stated that Diaz "needs surgery." Not only does this one doctor's opinion go beyond the scope of the time period alleged in his complaint, but it is insufficient to support Diaz's claim that CMS was deliberately indifferent. Spruill, 372 F.3d at 235 ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Moreover, the record indicates that despite Diaz's allegations that he was untreated for three years, during his deposition he acknowledged being seen by many nurses in 2004 and 2005. The record also establishes that he received a surgical procedure and follow-up care for his eye condition. Diaz has not provided evidence that would allow a reasonable jury to conclude otherwise. Thus, Diaz did not meet his burden at summary judgment for his claim against CMS.

IV.

Finally, we consider whether the District Court properly denied Diaz's motions for counsel. Although Diaz contended that his eye condition significantly compromised his

vision, his complaint and other filings in the District Court reflect that he was capable of presenting his case.  Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993); Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).  Accordingly, the District Court did not abuse its discretion in denying Diaz's motions.

V.

As Diaz's appeal presents no substantial question, we will summarily affirm.  The motion for appointment of counsel is denied.