**Robert Gene REGA, Appellant**

v.

**Jeffrey A. BEARD, Secretary of the D.O.C.; Louis Folino, Superintendent/S.C.I. Greene; Jeffrey Martin, Captain; Brenda A. Martin, Unit Manager; Patrick Oddo, Captain; Michelle Muccino, Captain; David L. Gainey, R.H.U., Lt.; Thomas M. Armstrong, Sgt.; Todd Barclay, Officer; Jody Leach, Officer; Leon Moore, C.H.C.A.; Michelle Lucas, P.A.; John McAnany, Nurse Super.; Edward Driskill, Reg. Nurse; James Caramanna, Physician; B. Henderson, Officer.**

Nos. 09–4348, 09–4416.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 25, 2010.

Opinion filed: March 11, 2010.

Robert Gene Rega, Waynesburg, PA, pro se.

Douglas B. Barbour, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Appellee.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Robert Gene Rega, a Pennsylvania state prisoner proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania denying his motions for an "emergency restraining order," a permanent injunction, and for appointment of counsel. We will dismiss the appeal in part pursuant to 28 U.S.C. § 1915(e)(2)(B) and in part for lack of jurisdiction.

Rega brought a § 1983 Complaint against prison personnel, which he amended twice, asserting numerous constitutional violations related to the conditions of his confinement. In particular, he claimed that he was assaulted in his cell by another inmate in 2007, he received poor medical treatment for his injuries immediately after the assault, and there was an unnecessary eight-day delay in providing him with Prilosec for treatment of his serious gastroesophageal reflux disease ("G.E.R.D.") condition in 2007. Rega filed motions for an emergency restraining order and for a permanent injunction, claiming that his six-month supply of Prilosec ran out on June 23, 2009, and that the medical staff failed to reorder his prescription of Prilosec in time, causing him great discomfort on June 25. The defendants responded that both motions should be denied. The Magistrate Judge treated the permanent injunction and emergency restraining order motions as a request for a preliminary injunction and denied relief, ruling that Rega failed to show that such relief was warranted because he had received his medication on June 26. By order entered on October 7, 2009, the District Court overruled Rega's objections, adopted and approved the Magistrate Judge's Report, and denied Rega's motions. Rega also filed two motions for appointment of counsel, which the Magistrate Judge denied.

By order entered November 10, 2009, the District Court overruled and dismissed Rega's objections to the Magistrate Judge's order. This appeal followed.

We have jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." 28 U.S.C. § 1292(a)(1). An order denying a motion for a preliminary injunction is appealable where the order relates to the relief ultimately sought by the claimant. *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1277–78 (3d Cir.1991). Rega sought a preliminary injunction ordering the defendants to stop the constitutional violations related to those alleged in his complaint. The District Court's order denying Rega's motion relates to the relief he ultimately sought. Thus, the order is appealable under § 1292(a)(1).

The District Court did not err in denying Rega's motion for a preliminary injunction. Rega was required to show that he was likely to succeed on the merits of his claim, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the defendants and was in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir.1998). We agree with the Magistrate Judge's conclusion that Rega failed to make such a showing as he cannot demonstrate that denial of relief would result in irreparable harm. The prison was in the process of reordering the prescription when Rega requested the District Court's immediate intervention. The day after he filed the motion, the prison provided him with a six-month supply of Prilosec.

To the extent that Rega appeals from the District Court's order denying appointment of counsel, we will dismiss the appeal without prejudice for lack of jurisdiction because the order is not appealable at this time. *See* 28 U.S.C. § 1291; *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984) (concluding that a district court order denying a motion for appointment of counsel may normally be reviewed only after a final judgment has been entered in the case).

Accordingly, we will dismiss the appeal in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and in part for lack of jurisdiction.