**Dawn Marie BALL, Appellant**

v.

**C.O. ODEN; C.O. Reed; C.O. Pinard; Sgt. Ragar; C.O. Woford; C.O. Gair; Lt. Hummel; C.O. Keen; C.O. Foulds; Sgt. Griner; Sgt. Campbell; Capt. Robenolt; Lt. Gridley; Sgt. Winder; Lt. Blessing; Lt. Sisley; Troy Edwards; Eiswerth; C.O. Smith; Deputy Smith; Lt. Craver; D. Miller; Reeding; T. Peterson; Koleno; Kopshina; Cipham; Supt. Lamas; Secy. Beard; C.O. Aikey; C.O. Eckroth; C.O. Nolte; C.O. Baker; Lt. Barto.**

No. 10–1702.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) and Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 2, 2010.

Filed: Oct. 6, 2010.

Dawn Marie Ball, Muncy, PA, pro se.

Maria Macus–Bryan, Esq., Pennsylvania Department of Corrections, Office of Chief Counsel, Camp Hill, PA, for C.O. Oden.

Before: BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

Dawn Marie Ball appeals from the District Court's order denying her motion for a preliminary injunction. We will affirm. *See* 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Ball, a Pennsylvania prisoner proceeding pro se, filed suit under 42 U.S.C. § 1983 against thirty-four correctional officers and other prison personnel. Ball alleges various instances in which she claims that defendants searched her cell, seized her property, confiscated unspecified legal material, and interfered in various ways with her incoming and outgoing legal and other mail. She also filed a motion for a preliminary injunction, in which she requests the immediate return of her property and an order requiring defendants to provide her access to the law library and preventing them from labeling her mail. Defendants filed a brief in opposition to the motion, together with an appendix presenting evidence that Ball failed to exhaust her claims and that they otherwise lack merit, and Ball filed a reply. By order entered February 17, 2010, the District Court denied Ball's motion. Ball appeals.

## II.

We have jurisdiction to review the denial of preliminary injunctive relief pursuant to 28 U.S.C. § 1292(a)(1).[1] We do so for abuse of discretion, though we review underlying conclusions of law de novo. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir.2000). A preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that she faces irreparable harm in the absence of the injunction. *See id.*

The District Court denied Ball's motion on the grounds that she failed to establish these elements. For the reasons explained in the District Court's thorough and careful opinion, we agree. Ball argues primarily that defendants are interfering with her right to access the courts. As the

District Court explained, however, Ball has not shown that defendants are interfering with her ability to assert any non-frivolous claim. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Even if they were, she has a legal remedy in the form of a denial-of-access suit, which she is pursuing here (and elsewhere, in the action pending at M.D. Pa. Civ. No. 08–cv–00701). She also has not shown that defendants are irreparably injuring her ability to litigate this or any other suit. As the District Court noted, Ball devoted the majority of her reply to arguing that she can overcome defendants' arguments regarding exhaustion but requires the materials they have confiscated from her in order to do so. The District Court concluded that it could resolve that issue if and when appropriate during discovery. We cannot say that it abused its discretion in doing so.

Accordingly, we will affirm the judgment of the District Court. Ball's motion for the appointment of counsel in this Court is denied.

---

1. The District Court's February 17 order also denied a motion that Ball had filed for the appointment of counsel. Our jurisdiction does not extend to that ruling. *See Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).