CLD-281                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1700
_____

DAWN MARIE BALL,
                                                Appellant

v.

DR. FAMIGLIO; GLORIA DIGGAN, R.N.; NURSE DILLELA; VANESSA NICOLA,
Hygienist; NELMS, Dentist; NURSE GREEN; BRIAN MENCH, Nurse; MRS. MENCH;
MS. JARRET; MS. BROWN; MS. WELL CHANCE; NURSE BOYER; P.A. EGAN;
P.A. HIMELSBACH; ERICA STROUP; EYE DOCTOR; MS. JOHNSON;
MAJOR SMITH; DR. FABIAN; CAPTAIN PINARD; MS. GAMBLE; DR. WOODS;
DR. SHIPTOWSKI; SGT. RAGAR; SGT. SAAR; SGT. JOHNSON; LT. BOYER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 08-cv-00700)
District Judge:   Honorable Yvette Kane
_____

Submitted for Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 2, 2010

Before:   BARRY, FISHER and GREENAWAY, JR.,   Circuit Judges.

(Filed: October 7, 2010 )
_____

OPINION
_____

PER CURIAM

Dawn Marie Ball appeals from the District Court's order denying her motion for a preliminary injunction.   We will affirm.   See 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

I.

Ball, a Pennsylvania prisoner proceeding pro se, filed suit under 42 U.S.C. § 1983 against twenty-eight prison medical personnel.   Her amended complaint may be liberally construed to allege that defendants exhibited deliberate indifference to her serious medical needs in violation of the Eighth Amendment.   She alleges, among other things, that defendants denied her dental care, a cane and wheelchair, physical therapy and sick calls; delayed providing her with eyeglasses; and either denied her medication or, alternatively, gave her the wrong medication, which caused "severe major breakdowns."

By order entered March 26, 2009, the District Court directed Ball to file a second amended complaint to permit defendants to respond to the specific allegations against them.   Ball did not file a second amended complaint.   Instead, she filed a motion for preliminary injunctive relief.   In that motion, Ball sought an injunction against various parties not named as defendants in her amended complaint and asserted claims and injuries largely unrelated to those alleged in that complaint.[1]   Among other things, she

---

[1]Ball included in the caption of her motion the civil action numbers of both this suit and M.D. Civ. No. 08-cv-00701.   Many of the allegations contained in her motion relate to her complaint in that suit, and this identical motion was docketed in that suit and remains pending as of the date of this memorandum.

alleged that a corrections officer, not named as a defendant, assaulted her and sought an order directing him to "stay away from me," and she complained of the search of her cell and confiscation of her property and sought its return.

The District Court denied the motion by order entered February 4, 2010. In doing so, the District Court noted that Ball's motion sought relief against parties not named as defendants, that Ball could file a separate action against those individuals if she wished, and that certain of her allegations had become moot or were otherwise legally deficient. Ball appeals.

## II.

We have jurisdiction to review the denial of preliminary injunctive relief pursuant to 28 U.S.C. § 1292(a)(1).[2] We do so for abuse of discretion, though we review underlying conclusions of law de novo. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). A preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See id. As these elements suggest, there must be "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Little v. Jones, 607 F.3d 1245, 1251

---

[2]The District Court's February 4 order also denied motions that Ball had filed for the appointment of counsel and entry of a default judgment. Our jurisdiction does not extend to those rulings. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); Murphy v. Helena Rubenstein Co., 355 F.2d 553, 553 (3d Cir. 1965).

3

(8th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)); see also Adams, 204 F.3d at 489-90 (affirming denial of injunction where plaintiffs' harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords").

We agree that Ball failed to satisfy these requirements here. As the District Court noted, the individuals whose conduct she sought to enjoin are not named as defendants in this action. In addition, most of the relief she requests is completely unrelated to the allegations contained in her amended complaint. See Devose, 42 F.3d at 471 (affirming denial of injunction sought on the basis of "new allegations of mistreatment that are entirely different from the claim raised and the relief requested in [plaintiff's] inadequate medical treatment lawsuit"). The only requests for relief arguably related to her complaint are that she "want[s] medical treatment when requested" and for her "meds not to be stopped[.]" With respect to those requests, however, she has not alleged any reason to believe that any particular medical care or medication will not be provided in the future or that, if it is not, any resulting harm would be irreparable. See Adams, 204 F.3d at 488 ("the risk of irreparable harm must not be speculative"). Thus, the District Court did not abuse its discretion in denying her motion for injunctive relief.

Accordingly, we will affirm the judgment of the District Court. Ball's motion for the appointment of counsel on appeal is denied.