**CLD-280**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1419
_____

DAWN MARIE BALL,
                                        Appellant

v.

JEFFREY BEARD; MARRIROSA LAMAS; JILL SHEPLER;
WENDY NICHOLAS; MR. SMITH; MS. HARTMAN;
MR. FRONTZ; TROY EDWARDS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-00845)
District Judge:   Honorable Yvette Kane
_____

Submitted for Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 2, 2010

Before:   BARRY, FISHER and GREENAWAY, JR.,   Circuit Judges.

(Filed: October 7, 2010)
_____

OPINION
_____

PER CURIAM

Dawn Marie Ball appeals from the District Court's order denying her motion for a preliminary injunction.   We will affirm.   See 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

I.

Ball, a Pennsylvania prisoner proceeding pro se, filed suit under 42 U.S.C. § 1983 against the Secretary of the Pennsylvania Department of Corrections and seven prison employees.   Ball alleges that she has been confined in the Restrictive Housing Unit ("RHU") since April of 2007 and that she will be so confined until 2024.[1]   She further alleges that such confinement has caused her physical and mental condition to deteriorate such that, among other things, she has lost over 100 pounds and become malnourished, suffers from schizophrenia and bipolar disorder, and experiences migraines and nausea. She also complains that her confinement in the RHU has prevented her from visiting with or calling her family.   Finally, she alleges that defendants have denied her requests for transfer to a prison in another state, and she seeks such a transfer in addition to monetary damages.

---

[1]In another filing in this case and in her filings in other cases, she alleges that she will be so confined until 2014, not 2024.

Ball filed a motion for a preliminary injunction, again requesting transfer to an out-of-state prison.   The District Court denied the motion by order entered January 11, 2010.   Ball appeals.[2]

## II.

We begin by emphasizing our narrow focus on review.   The only specific injunctive relief Ball requested is transfer to an out-of-state prison.   She has not requested release from the RHU into the general population.   Nor has she requested that defendants take steps to remedy her alleged physical and mental conditions while in the RHU.   Thus, our narrow focus on review is her request for a prison transfer.

The District Court did not abuse its discretion in denying that request.   A preliminary injunction is an "extraordinary remedy," and the party seeking it must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."   Kos, 369 F.3d at 708.   The District Court concluded that Ball failed to establish the first two

---

[2]We have jurisdiction to review the denial of preliminary injunctive relief pursuant to 28 U.S.C. § 1292(a)(1).   The District Court's January 11 order also denied without prejudice Ball's motion for the appointment of counsel.   Our jurisdiction does not extend to that portion of the order.   See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). We review the ultimate denial of a preliminary injunction for abuse of discretion, though we exercise plenary review over any legal conclusion on which the District Court relied. See Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

3

elements. Because we agree that Ball has not shown a likelihood of obtaining a prison transfer, we will affirm.

As the District Court explained, Ball has no entitlement to incarceration in any particular prison, let alone one outside Pennsylvania. "Just as an inmate has no justifiable expectation that [s]he will be incarcerated in any particular prison within a State, [s]he has no justifiable expectation that [s]he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Ball has alleged nothing that might make the denial of her request for a prison transfer actionable under the circumstances presented here, and we will affirm on that basis.

In light of the pendency of proceedings below and certain aspects of the District Court's analysis, however, some additional observations are in order. Although we do not decide the issue, Ball's allegations that her physical and mental condition has drastically deteriorated while in the RHU potentially state a claim of deliberate indifference to her serious medical needs in violation of the Eighth Amendment. See, e.g., Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). She expressly argued as much in her preliminary injunction brief, though she sought no relief other than a prison transfer and requested no specific relief in that regard in her complaint.[3]

---

[3]In the separate action currently pending at Ball v. Famiglio, M.D. Pa. Civ. No. 08-cv-00700, Ball expressly complains of her medical treatment and seeks relief in that regard. Her allegations in that action overlap to some extent with those in the instant action.

Perhaps for that reason, the District Court noted Ball's allegations about her health but did not address any potential Eighth Amendment claim. Instead, it appears to have concluded that those allegations do not entitle Ball to relief because she does not have a protected liberty interest in freedom from confinement in the RHU. (Dist. Ct. Mem. at 6.) Whether Ball has such a liberty interest would be relevant to a claim that she was deprived of that interest without due process. See, e.g., Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (discussing Sandin v. Connor, 515 U.S. 471 (1995)).[4]

Due process and Eighth Amendment claims, however, are distinct. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 705-09 (3d Cir. 1997). Whether Ball has a liberty interest in avoiding confinement in the RHU does not control the question of whether defendants have been deliberately indifferent to her medical needs while confining her there. Given the potential seriousness of Ball's allegations about her deteriorating health, we trust that the District Court will carefully consider that issue if and when appropriate.

Accordingly, we will affirm. Ball's motion for the appointment of counsel on appeal is denied.

___

[4]Ball has not expressly raised such a claim. The District Court wrote that "Ball never argues that she is wrongfully confined in the RHU." (Dist. Ct. Mem. at 6.) It is true that Ball does not so allege in her complaint, but she argued in her preliminary injunction brief, without further elaboration, that the disciplinary charges that led to her confinement in the RHU were "trumped up." We leave it for the District Court to decide whether to construe Ball's complaint as asserting a due process claim and whether any deficiency in that regard could be cured by amendment.

5