AMENDED GLD-076

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4259
_____

IN RE: WAYNE PETTAWAY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 11-cv-00158)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 22, 2011

Before:  FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion file: January 12, 2012 )
_____

OPINION
_____

PER CURIAM

Wayne Pettaway filed this pro se petition for a writ of mandamus asking us to

compel certain actions in a civil matter currently pending in the District Court for the

Western District of Pennsylvania.  For the following reasons, we will deny the petition.

I.

In the civil action underlying this mandamus petition, Pettaway sued the State

Correctional Institution at Albion, where he is incarcerated, and the "Department of

Correction Camp Hill," claiming that they improperly deducted certain funds from his prison account. Before filing his complaint, he moved for a temporary restraining order to prevent a "retaliatory" transfer to another prison. The case was assigned to Magistrate Judge Baxter, who denied the motion without prejudice to Pettaway's "right to file for injunctive relief in the future if harm is imminent."[1]

Once his complaint was docketed, Pettaway moved for appointment of counsel, primarily based on his claim that he suffers from a mental impairment. Magistrate Judge Baxter denied the motion, finding counsel unwarranted under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). Additionally, Magistrate Judge Baxter denied Pettaway's two motions for summary judgment as premature because the defendants had not yet been served with the complaint. Pettaway thereafter filed a mandamus petition with this Court, asking that we compel Magistrate Judge Baxter to appoint him counsel, prevent any retaliatory transfer, grant him summary judgment, and correct an error on the docket. The defendants have since been served and moved to dismiss Pettaway's complaint on the basis that they are entitled to sovereign immunity and because Pettaway failed to state a claim.

II.

Mandamus is a "drastic and extraordinary remedy," justifiable only in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380

---

[1] The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

(2004) (quotations and citations omitted). To obtain relief, a petitioner must establish that no other means of relief is adequate, a "clear and indisputable" right to the relief, and that issuance of the writ is appropriate under the circumstances. In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006).

Pettaway is not entitled to a writ of mandamus compelling entry of summary judgment in his favor because Magistrate Judge Baxter did not clearly err in denying his motions as premature. Now that the defendants have been served, we anticipate that, if the complaint is not dismissed, Pettaway will refile for summary judgment after discovery concludes, or at some other appropriate time, and that the relevant issues will be litigated then. To the extent Pettaway seeks to compel the issuance of a temporary restraining order to prohibit his transfer to another prison, he has not shown that he has no other means for relief (as Magistrate Judge Baxter denied his motion without prejudice) or that he has a clear and indisputable right to the writ.

Nor is Pettaway entitled to a writ of mandamus compelling appointment of counsel. If Pettaway disagrees with the Magistrate Judge's resolution of his motion, he may raise it on appeal to this Court after a final order is issued. In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and . . . will not be granted if relief can be obtained by way of our appellate jurisdiction."); Smith-Bey v. Petsock, 741 F.2d 22, 25-26 (3d Cir. 1984) (order denying motion for counsel is nonappealable interlocutory order). Furthermore, the error on the docket identified in Pettaway's petition has since been corrected, so the petition is moot as to that issue.

3

For the foregoing reasons, we will deny Pettaway's petition for a writ of mandamus.  Pettaway's motion for appointment of counsel is denied.  <u>See</u> <u>Tabron</u>, 6 F.3d at 155-56.