BLD-272                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4664
_____

STEPHEN BERNARD BLACKSTONE,

Appellant

v.

A.L. THOMPSON, Sued in his individual and official capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00899)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2014
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: June 10, 2014)
_____

OPINION
_____

PER CURIAM

Stephen Bernard Blackstone, an inmate proceeding *pro se*, filed a complaint in the

District Court pursuant to 42 U.S.C. § 1983.  He alleged that Corrections Officer Alfred

L. Thompson violated the Eighth Amendment by failing to protect him from an attack by

his cellmate.  After discovery, Thompson filed a motion for summary judgment, which the District Court granted on the recommendation of the Magistrate Judge.  Blackstone appealed.[1]  Because the appeal presents no substantial question, we will summarily affirm.

I.

Blackstone's complaint alleged that Corrections Officer A.L. Thompson failed to protect him from his cellmate, Gary Weedon.  According to the allegations, on November 9, 2010, at approximately 3:30 p.m., Blackstone told Thompson that he was having problems with Weedon, that he did not feel comfortable around Weedon, and that he wanted to move.  In response, Thompson informed Blackstone that he did not have the authority to move inmates.  He provided Blackstone with a DC-135A Request to Staff form and instructed him to fill out the form and give it to the unit manager the following day.  Blackstone filled out the form and immediately placed it in the unit manager's mailbox.  He wrote, among other things: "I believe my cellie may try to assault me in the cell tonight." [Doc. 1, Complaint, Exh. A].  It is undisputed that Thompson never saw the written request.

That evening, Blackstone sustained injuries from a fight with his cellmate.  According to Blackstone, he was lounging in the dayroom when Weedon attacked him,

_____

[1]  Blackstone subsequently filed a post-judgment motion seeking relief from the final judgment in order to introduce new evidence.  The District Court denied that motion.  That denial is not before us, as Blackstone did not file a timely new or amended Notice of Appeal.  See Fed. R. App. P. 4(a)(4)(B)(ii).

unprovoked. The attack resulted in facial contusions, blurred vision, lingering headaches and a fractured orbital bone. Thompson conceded that there was a fight but maintained that the altercation was mutual, as opposed to an unprovoked assault. Thompson described the fight accordingly in an incident report. Prison officials conducted a disciplinary hearing. After the hearing officer reviewed video evidence, Blackstone and Weedon were both found guilty of fighting. As punishment, Blackstone was assigned to restricted housing for thirty days.

Blackstone alleged that prison policy DC-ADM 802 authorizes an inmate to request self-lockup for his own protection, but that he was not given that option by Thompson. He further claimed that Thompson knew or should have known that Weedon was likely to assault Blackstone because, in addition to Blackstone's express statement to Thompson, Weedon carried an inmate status of "H-Code," signifying that he was a high risk inmate. Blackstone also alleged that Thompson knew that other inmates had complained about Weedon in the past.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm if Blackstone's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. When reviewing orders granting summary judgment we apply the same test as the District Court, granting summary judgment where there remains no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Noel v. Boeing Co., 622 F.3d 266, 270 n.4 (3d Cir. 2010). We view

the underlying facts and all reasonable inferences therefrom in the light most favorable to the non-moving party.  See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010).

III.

To survive Thompson's motion for summary judgment, Blackstone needed to point to evidence in the record that Thompson both knew of and was deliberately indifferent to an excessive risk to his safety.  See Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  We agree with the District Court that Blackstone did not adduce evidence to show that Thompson operated from the requisite mindset.

When making a determination as to deliberate indifference, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)."  Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir.1997) (internal citation and quotation marks omitted).  Deliberate indifference is "a state of mind more blameworthy than negligence."  Farmer, 511 U.S. at 835.  Even if Thompson "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," liability will not attach.  Id. at 844.  Here, there is no indication in the record that Thompson made the inference that an excessive risk was present.  Prior to the fight, Blackstone had just one communication with Thompson, in which Blackstone stated that he was not "getting along" and did not "feel comfortable" with his cellmate.  [See Doc. 66, p. 1-2].  Absent any other evidence of Thompson's culpable state of mind, that singular, generalized statement is not sufficient to permit a

4

reasonable finder of fact to infer that Thompson both knew of and intentionally disregarded an excessive risk to Blackstone's safety.

Blackstone points to Weedon's "H-class" status as circumstantial evidence of Thompson's deliberate indifference. The risk that an inmate with some history of violence might attack another inmate for an unknown reason, however, is too speculative to give rise to an Eighth Amendment claim. See Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012). It is true that the requisite mindset may be proved by circumstantial evidence, such as where a plaintiff demonstrates that a substantial risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." Farmer, 511 U.S. at 842 (citations omitted); see also Leavy, 117 F.3d at 747. Here, however, there were no longstanding, pervasive, well-documented, or previously noted tensions between Weedon and Blackstone. Nor is there any indication in the record that Blackstone told Thompson of any specific incident or cause of tension between the cellmates from which a greater inference of risk could be drawn. See Bistrian, 696 F.3d at 368-71 (permitting Eighth Amendment claims to proceed where an inmate repeatedly advised officials of threats he received as a result of helping an investigation that targeted those with whom he was placed). To the contrary, Blackstone's filings repeatedly describe the type of "out-of-the-blue and unadorned 'I'm-in-trouble' entreaty," id. at 69-70, that is commonly faced by officials, who are charged with the "arduous" task of managing an inmate population while protecting those in custody. Young v. Quinlan, 960 F. 2d 351, 363 n.23 (3d Cir. 1992), superseded by statute, Prison Litigation Reform

5

Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, as recognized in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000).

We acknowledge that the factual assertions of the parties differ as to who instigated the altercation between Weedon and Blackstone. That dispute, however, is not material to Blackstone's claims. See F.R.Civ.P. 56(a). Even assuming that Blackstone was attacked by Weedon, Blackstone has not pointed to evidence of deliberate indifference. As we have explained, the combination of Weedon's "H-Code" status and one report of unspecified tensions between the cellmates does not support an inference of deliberate indifference. The District Court thus correctly concluded that summary judgment was warranted.[2]

IV.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

[2] We also perceive no error in the District Court's order denying Blackstone's request for counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). We observe that Blackstone diligently prosecuted his case; his thorough filings reflect that he was able to effectively conduct discovery and present his arguments. Id.; Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The District Court also did not err in denying Blackstone's motion for a temporary restraining order. See Fed. R. Civ. P. 65.