CLD-060                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2517
_____

EVONCA SAKINAH S. ALIAHMED,
a/k/a Hermione K. I. Winter, a/k/a David Allen Allemandi,
Appellant

v.

BUREAU CHIEF SHANE TROXLER; DOCTOR ROBINO BELCHER TIMME;
DOCTOR CHRIS MOEN; DOCTOR DAVID AUGUST;
BUREAU CHIEF MARE RICHMAN; DOCTOR SARAH SEASE;
DOCTOR JONATHAN TAN; DOCTOR SARAH SPRINGER;
DOCTOR FRANCES MARTY; RN MISTY MAY; RN TRACI COLEMAN;
DOCTOR PAOLA MUNOZ; DOCTOR EMILIA ADADI;
DOCTOR NICOLE CARDEN; WILLIAM NGWA; SUSAN CONLEY; JIM C. PENIX;
MRC LISA B. BROOKS; LPN JOCELYN B. BURGESS; RN JESSICA L. JOHNSON;
KATRINA BURLEY; WARDEN ROBERT MAY; MAJOR JOHN BRENNAN;
CAPTAIN DOTSON; CAPTAIN RANOLD WILLEY; C/O KOCH; CORRECTIONAL
COUNSELOR BROWN; L.T. DAUM; L.T. SMITH; CLASSIFICATION
ADMINISTRATOR MRS. FORAKER; COMMISSIONER OF DELAWARE;
GOVERNOR OF DELAWARE; CHAPLAIN GUS CHRISTO; TREATMENT
ADMISTRATOR HOLLIS; CAPTAIN RAMON TAYLOR; SGT. JOSHUA
WALSTRUM; SGT. PIERCE; I.A. MRS. CLARK
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-00526)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2020
Before: RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Evonca Sakinah Aliahmed, a Delaware state prisoner incarcerated at Sussex Correctional Institute, appeals from the District Court's order denying her motion for injunctive relief. For the reasons discussed below, we will summarily affirm in part and dismiss in part for lack of jurisdiction.

I.

In April 2020, Aliahmed filed a civil rights complaint in the District Court against various prison officials, alleging that some of her requests for treatment of her gender dysphoria have been denied. She claimed that the defendants violated her civil rights by denying certain medical care, ignoring suicide risks, providing unsafe housing, denying requests for a transfer to a different facility, and interfering with her religious practices, all based on her gender identification as a female. Aliahmed then filed many motions, including a motion for injunctive relief that primarily sought: (1) an order directing the defendants to provide her with gender reassignment surgery at the next available appointment; (2) an order directing the defendants to provide her with a housing assignment that ensures her safety; (3) an order directing her transfer to Baylor Women's Correctional Institution ("BWCI"); (4) an order permitting her to worship in the same

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

manner as other female Muslim inmates, primarily by permitting her to use a female head covering; and (5) an order directing her release from prison.

In an order entered on July 10, 2020, the District Court denied the requests for injunctive relief with respect to the medical care, suicide risk, unsafe housing, and transfer issues, determining that Aliahmed had not shown a likelihood of success on the merits. The District Court denied the remaining requests for injunctive relief without prejudice and with instructions for the parties to provide additional briefing. The District Court's order also ruled on many of Aliahmed's other pending motions, including her motion for appointment of counsel, which was denied. This appeal ensued.

## II.

We have jurisdiction over this appeal of an interlocutory order to the extent that it refused an injunction "within the meaning of 28 U.S.C. § 1292(a)(1)." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 319 (3d Cir. 2020). Based on the circumstances here, we have jurisdiction to review the requests for injunctive relief that the District Court denied with prejudice, but we lack jurisdiction to review the requests for injunctive relief that the District Court denied without prejudice. See Def. Distributed v. Att'y Gen. of N.J., 972 F.3d 193, 199 (3d Cir. 2020) (explaining that the Court lacked jurisdiction to review an order dismissing a motion for an injunction without prejudice because "there has been no ruling, explicitly or effectively, denying the injunction").[1] "We generally

---

[1] Thus, to the extent that Aliahmed seeks to appeal the requests that were denied without prejudice, we will dismiss the appeal for lack of jurisdiction. To the extent that Aliahmed seeks to appeal the denial of her counsel motion, we also lack jurisdiction at this time and will dismiss the appeal. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

3

review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

### III.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Here, the District Court properly concluded that Aliahmed failed to demonstrate that she was likely to succeed on her medical, suicide risk, housing assignment, and transfer claims. The record indicated that Aliahmed has been provided with routine treatment, including hormone replacement therapy, for her gender dysphoria. She has been consistently evaluated and monitored for progress and suicide risk. At this time, her request to be scheduled for immediate gender reassignment surgery reflects disagreement as to the proper course of treatment rather than any deliberate delay or denial of necessary medical care that might give rise to a deliberate indifference claim. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). The record also reflects that the defendants have taken precautions, including the placement of Aliahmed in a single cell, in order to protect her

4

safety and monitor her suicide risk.  Thus, she has not shown a sufficient likelihood of success on her claim that the defendants were deliberately indifferent to a risk of harm based on her housing assignment.  See Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).  And because Aliahmed lacks a cognizable liberty interest in being confined in any particular institution, see Olim v. Wakinekona, 461 U.S. 238, 251 (1983), she is unlikely to succeed on her claims based on her requests for a transfer to BWCI.  Thus, the District Court properly denied the motion for injunctive relief with respect to the medical, suicide risk, housing assignment, and transfer requests.

For the foregoing reasons, we will summarily affirm the District Court's judgment in part, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and dismiss the appeal in part, see supra n.1.